IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**GEROD MAURICE JARRETT,** )
)
        **Petitioner,** )
)
        v. )   Case No. 1:19-cv-46-SPB-RAL
)
**JAMEY LUTHER, et al.,** )
)
        **Respondents.** )

**MEMORANDUM ORDER**

The within petition for a writ of habeas corpus was received by the Clerk of Court on February 25, 2019 and referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges. ECF No. 1. The Clerk filed the petition on the docket on March 29, 2019. ECF No. 4.

The petition presents four separate bases for relief under 28 U.S.C. §2254.[1] First, Petitioner claims that the Commonwealth committed a *Brady* violation by withholding evidence concerning a "deal" that the victim in the underlying criminal case allegedly received in exchange for his testimony. Second, Petitioner claims that his trial counsel was ineffective for failing to object to the prosecutor's closing statement, wherein the prosecutor allegedly vouched for the victim's credibility. Third, Petitioner claims that his trial counsel was ineffective in failing to object to the introduction of prior bad acts and bad character evidence. Finally,

---

[1] Petitioner states that he could not list all of his §2254 claims in the standard form because of limited space. As an illustration of his problem, Petitioner refers the Court to a fifth ground for relief that was not addressed by the Magistrate Judge because it was apparently written on the back of the §2254 petition and, consequently, was not scanned into the record. This fifth claim asserts that the state trial court denied Petitioner a fair trial when it refused to sever the criminal charge against him for "possession of a firearm by a person prohibited." ECF No. 27-1 at 36. To the extent Petitioner objects to Judge Lanzillo's failure to address his "fifth" §2254 claim, the objection is denied as meritless, for reasons stated in more detail, *infra*.

1

Petitioner claims that his trial counsel was ineffective for failing to investigate and present crime scene photos that would have supposedly shown that the police tampered with evidence. The District Attorney of Erie County has responded to each of the foregoing allegations on behalf of all Respondents. ECF No. 14.

On September 30, 2020, Magistrate Judge Lanzillo issued an R&R recommending that the petition be denied and that no certificate of appealability be issued. ECF No. 23. The Magistrate Judge opined that each of Petitioner's claims was procedurally defaulted and otherwise lacked merit.

Petitioner filed Objections to the Report and Recommendation on November 16, 2020. ECF No. 27. In his objections, Petitioner purports to undertake an analysis of the criminal trial transcript, pointing out every alleged error that he perceives resulted in an unfair process. He asserts, for example, that the investigating detective lied under oath, that the judge, prosecutor and defense counsel plotted against, him, and that two separate juries should have been empaneled for his bifurcated trial. Petitioner also asserts that his trial attorney was ineffective for not introducing testimony from the police officer who made the initial traffic stop, not summoning certain witnesses, not challenging the prosecution's introduction of the subject handgun during trial proceedings, not moving to suppress the gun and/or not insisting on an evidentiary hearing to challenge the operational status and ownership of the gun. Elsewhere in his objections, Petitioner challenges the effectiveness of his appellate counsel and argues that she had a conflict of interest by virtue of the fact that both she and his trial counsel were employed by the Erie County Public Defender's Office. Petitioner also contends that the Court of Common Pleas lacked jurisdiction over certain of his criminal charges. What Petitioner *fails* to do in his objections is present any coherent argument for why the Magistrate Judge's reasoning is flawed

and/or why he should prevail on the limited claims presented in his §2254 petition. In fact, Petitioner's objections largely concern claims not raised at all in these proceedings. To the extent Petitioner's objections *do* address issues raised in these proceedings, the objections lack merit.

With respect to his *first* claim for §2254 relief (i.e., an alleged violation of *Brady v. Maryland,* 373 U.S. 83 (1963)), Petitioner suggests that the Magistrate Judge overlooked certain aspects of this claim. Specifically, Petitioner appears to be arguing that his *Brady* claim encompasses the Commonwealth's alleged failure to timely produce certain photographic evidence as well as the prosecutor's alleged failure to advise Petitioner that a charge for possession of a firearm was being reinstated and the subject firearm would be introduced as evidence in his criminal trial. Petitioner now contends that he presented these issues to the PCRA court, but the PCRA court overlooked or ignored them because it deemed these claims "vague, indecipherable, or clearly frivolous." ECF No. 27 at 16. Petitioner further suggests that the Magistrate Judge should have inferred, from a review of the state court record, that Petitioner was presenting the same claims here.

These objections lack merit. Petitioner's *Brady* claim, as articulated in his petition, was narrowly premised on the prosecutor's failure to disclose an alleged "deal" that had supposedly been offered to the victim of the robbery. That claim did not encompass the additional theories Petitioner now advances, and it is not the task of this Court to scour the state record on Petitioner's behalf in search of potential bases for federal habeas corpus relief. To the extent Petitioner believes that the PCRA Court overlooked or misconstrued some of his PCRA claims, his remedy was to bring those alleged deficiencies to the attention of the Pennsylvania Superior Court in the course of his PCRA appellate proceedings. Perhaps in an attempt to circumvent this

3

procedural default, Petitioner now broadly asserts that "[i]n all procedures, counsel was ineffective . . . ." *Id*. at 16.  But these types of generalized accusations are insufficient to establish ineffectiveness under the standards set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), and *Martinez v. Ryan*, 566 U.S. 1 (2012).  Consequently, Petitioner has not articulated any basis for overcoming the procedural default of his first §2254 claim.  Moreover, Petitioner's assertion that he properly exhausted his (now more expansive) *Brady* claim is belied by his previous acknowledgement that this claim was not raised in his state court proceedings.  *See* ECF 4, ¶12 at pp. 5-6; *id.* ¶13 at p. 12.

Even if the Court were to consider the merits of Petitioner's expanded *Brady* claim, however, it would fail on the merits.  Petitioner appears to be objecting to the prosecutor's belated disclosure of certain evidence that was used against him at trial – namely, certain photographs of stolen jewelry and the gun that was allegedly used in the underlying robbery.  As the Pennsylvania Superior Court explained in connection with Petitioner's appellate PCRA proceedings, the photographs in question were not *Brady* material because they were inculpatory rather than exculpatory or impeachment evidence.  *See* ECF No. 14-4 at 67-68.  For the same reason, the firearm used in the robbery was not *Brady* material.  Accordingly, Petitioner cannot state a viable *Brady* violation predicated upon the prosecution's failure to disclose the foregoing evidence in a more timely fashion.

With respect to his *third* §2254 claim, Petitioner appears to object, again, that the Magistrate Judge construed his claim too narrowly.  This claim, as set forth in the §2254 petition, concerns the alleged ineffectiveness of Petitioner's trial counsel in failing to challenge the prosecution's use of other crimes/bad character evidence.  Petitioner now contends that this claim is intended to include his trial attorney's:  (i) failure to object to the prosecutor's

4

introduction of the firearm after supposedly withdrawing the charge of unlawful possession of a firearm, and (ii) failure to object to "irrelevant and unduly prejudicial statements which implied that Petitioner was a habitual criminal." ECF No. 27 at 17.  Petitioner does not pinpoint the alleged irrelevant and prejudicial statements that supposedly implied he was a habitual criminal, but, to the extent he is referring to trial evidence that associated him with the alias "Smoke," the Court agrees with the Magistrate Judge's conclusion that the evidence was admissible and cannot support a claim of ineffectiveness on the part of either Petitioner's trial attorney or his PCRA counsel.  To the extent Petitioner is now advocating claims that were not set forth in his §2254 petition, the Court is not required to consider them.  Regardless, the Court finds nothing in Petitioner's objections to suggest that his claim of ineffectiveness on the part of his trial counsel is "substantial" or has "some merit."  *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019).  For the reasons previously articulated in the PCRA Court's opinion, Petitioner's trial counsel was not ineffective for failing to object to the prosecution's introduction of the firearm in the underlying trial:  counsel did, in fact, object, but the objection was overruled because the firearm was admissible based on the circumstances of the case.  *See* ECF No. 14-3 at 65.

   Petitioner also appears to object to the Magistrate Judge's failure to address a "fifth" §2254 claim that was apparently never scanned into the record (and therefore not recognized by Magistrate Judge Lanzillo) because it was written on the back the §2254 petition.  This fifth claim asserts that the trial court denied Petitioner a fair trial when it refused to sever the criminal charge against him for "possession of a firearm by a person prohibited."  ECF No. 27-1 at 36.  *See* 18 Pa. Cons. Stat. Ann. §6105(a)(1).  To the extent Petitioner objects to Judge Lanzillo's failure to address this "fifth" §2254 claim, the undersigned finds the objection to be meritless.

5

The Court is under no obligation to evaluate claims or arguments that are written on the back of a habeas corpus petition, as that manner of presentation violates the local rules of this Court. See LCvR 2254(B)(2)(d) (discussing the required format of court filings and instructing that "[n]o writing or typing shall be made on the back of any filing"); see also LCvR 5.1(C) ("The lettering or typeface shall be on only one (1) side of a page."). Moreover, the standard §2254 form that Petitioner utilized specifically instructed him to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. ***Attach additional pages if you have more than four grounds***." See ECF No. 4 at 5, ¶12 (emphasis added).

Even if the Court were to view the Petitioner's "fifth" claim as one that was properly presented in these proceedings, the claim would fail because it is procedurally defaulted and legally untenable. In order to "fairly present" a claim for exhaustion purposes, the petitioner must advance the claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bennett v. Superintendent Graterford SCI*, 86 F.3d 268, 280 (3d Cir. 2018) (citation omitted). In this case, Petitioner's trial counsel *did* challenge the trial court's denial of a severance in his direct appeal proceedings, but the issue was framed as an abuse of discretion, not as a violation of Petitioner's federal constitutional rights. Thus, Petitioner did not properly "exhaust" the federal constitutional issue, and it is now procedurally defaulted.

Assuming Petitioner would attempt to overcome this procedural default by arguing a "layered" ineffectiveness-of-counsel claim, that line of argument lacks merit. As both the Pennsylvania trial and appellate courts noted, Petitioner was not prejudiced by the denial of a severance because

6

> "[e]vidence of [his] prior conviction was not introduced during the first phase of the bifurcated trial. Once the jury reached its verdict during the first phase, the second portion of the trial commenced and the Commonwealth introduced evidence regarding [Petitioner's] prior criminal record as it related to the § 6105 count."

ECF No. 14-2 at 42 (first alteration in the original). Based on these circumstances, the undersigned agrees that Petitioner "was not prejudiced in his trial on the charges that did not require evidence of his prior conviction." *Id*. Petitioner has not colorably articulated how the state court's decision on severance resulted in a denial of due process or otherwise violated his federal constitutional rights. And neither his trial counsel nor his PCRA counsel could have been ineffective for failing to pursue a baseless claim.

To the extent Petitioner's objections are otherwise germane to the issues raised in his petitioner, the Court finds no persuasive basis to depart from the Magistrate Judge's analysis and conclusions. In sum, Petitioner has failed to state any grounds for overcoming the procedural default of his §2254 claims.

Accordingly, after *de novo* review of the petition and documents in the case, together with the Report and Recommendation and Petitioner's objections thereto, the following order is entered:

AND NOW, this 5th day of February, 2021, IT IS ORDERED that the within petition for a writ of habeas corpus shall be, and hereby is, DISMISSED with prejudice. Moreover, because jurists of reason would not find it debatable that Petitioner failed to properly exhaust his claims, that those claims have been procedurally defaulted, and/or that they otherwise lack merit, IT IS HEREBY ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on September 30, 2020, ECF No. [23], is adopted as the opinion of this Court.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cm:  Gerod Maurice Jarrett
     LQ8582
     SCI Greene
     169 Progress Dr
     Waynesburg, PA 15370
     (via U.S. Mail)

     Jessica Reger, Esq.  (via CM/ECF)
     '