IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEROD MAURICE JARRETT,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 1:19-cv-46-SPB-RAL |
| ) | |
| **JAMEY LUTHER, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

## MEMORANDUM OPINION

Pending before the Court is a motion by Petitioner Gerod Maurice Jarrett ("Jarrett") for reconsideration of an Order entered by the undersigned on February 8, 2021. ECF No. 30. For the reasons that follow, the motion will be denied.

### I.     INTRODUCTION

Jarrett is an inmate at SCI-Greene, where he is currently serving a state sentence of 30 to 60 years' imprisonment. The Erie County Court of Common Pleas imposed sentence following a jury's conviction of Jarrett on charges of robbery, terroristic threats, unlawful possession of a firearm, and other related crimes.

Jarrett commenced this civil action on February 25, 2019 by lodging a petition for habeas corpus relief pursuant to 28 U.S.C. §2254. ECF No. 1. The Clerk docketed his petition upon payment of the requisite filing fee. ECF No. 4. The District Attorney of Erie County filed his response to the petition on July 5, 2019. ECF No. 14.

On September 30, 2020, United States Magistrate Judge Richard A. Lanzillo issued a Report and Recommendation ("R&R") in which he opined that the petition should be denied and that no certificate of appealability should issue. ECF No. 23. After being granted an extension of time, Jarrett filed objections to the R&R on November 16, 2020. ECF No. 27. The

1

undersigned overruled Jarrett's objections and adopted Judge Lanzillo's Report and Recommendation on February 8, 2021. ECF No. 28. Jarrett then filed the pending motion for reconsideration on March 8, 2021. ECF No. 30.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 60(b), a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his motion, Jarrett does not cite any particular provision of Rule 60(b) as grounds for reopening his case. Instead, he states that, as a result of the Covid-19 pandemic, SCI-Greene imposed "severe restriction on [his] access to the prison law library and to legal aids." ECF No. 30, ¶5. Thus, "[a]t the time [he] received the Report & Recommendation, in 9-30-2020, he had no access to the prison law library for approximately 10 months since March 2020." Id. ¶3. Thereafter he "was receiving an hour a week during the months of September through November." Id. ¶4. Jarrett states that he attempted to prepare and submit objections to the Report and Recommendation, but "it is clear they were done incorrectly." Id. ¶6. He therefore

2

asks that the Court reopen the case and allow him sixty days within which to refile objections to Judge Lanzillo's R&R.  Id. at 2.

Based upon Jarrett's averments, the only provisions of Rule 60(b) that he can colorably invoke are subsections (1) and (6).  Neither provision supplies a basis for vacating this Court's February 8, 2021 ruling, however.

### A.  Excusable Neglect

Under Rule 60(b)(1), a court may grant relief from a judgment or final order based upon (among other things) a party's "excusable neglect."  The standard is an equitable one and requires the court to weight the "totality of the circumstances."  *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 191 (3d Cir. 2019).  This includes consideration of:  (1) the danger of prejudice to the non-moving party; (2) the length of the movant's delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Adv. Fluid Sys., Inc. v. Huber*, 958 F.3d 168, 182 n.15 (3d Cir. 2020) (citation omitted).

In this case, the totality of circumstances weighs against a finding of excusable neglect.  The Magistrate Judge's R&R was filed on September 30, 2020, and objections were initially due on October 19, 2020.  ECF No. 23.  Citing Covid-related restrictions, Jarrett sought additional time for filing objections, and the Court granted him a four-week extension (until November 15, 2020).  ECF No. 24, 25.  Jarrett never requested a further extension of his deadline; instead, he submitted lengthy objections, which were thoroughly considered by this Court and overruled on multiple bases.  ECF No. 28.  Only *after* the Court rejected his objections and dismissed his petition did Jarrett cite a need for additional time.  Although the Covid pandemic and related restrictions on library time certainly were not within Jarrett's control, it *was* within his ability to

3

request additional time to the extent he felt it was needed in order to properly address the perceived deficiencies in the R&R prior to this Court issuing its final ruling.  And, even now, Jarrett does not specify any particular line of argument that he wishes to pursue; rather, it appears he merely wants a second "bite at the apple" in terms of challenging the Court's ruling.  It is also important to note that Jarrett's habeas corpus petition was filed in February of 2019, and his substantive claims concern events that transpired between 2013 and 2014.  Consequently, the Court is disinclined to reopen the case at this belated juncture, as this would disrupt the finality of these proceedings, unduly delay the administration of justice, and unfairly prejudice the Respondents.  In sum, even though Jarrett may not have acted in bad faith, he has not demonstrated grounds for excusable neglect.

### B.  Rule 60(b)(6)'s Catch-All Provision

The only other potentially applicable provision under Rule 60(b) is the "catch-all" provision of subsection (6), which allows the court to reopen a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  However, "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'"  *Cox v. Horn*, 757 F. 3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).  Such extraordinary circumstances "rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.  Thus, "[t]he movant under Rule 60(b) bears a heavy burden." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (internal quotation marks and citation omitted).

Here, Jarrett has not demonstrated the type of extraordinary circumstances as would justify reopening this case to allow further challenges to the Magistrate Judge's well-reasoned Report and Recommendation.  At this point, the claims set forth in Jarrett's petition have been

4

thoroughly reviewed and found to be procedurally defaulted or otherwise lacking in merit. Indeed, the Court perceives no credible basis for Jarrett prevailing on the claims that were raised in his §2254 petition.  Although Jarrett may not have received all of the time he desired in the prison library for purposes of challenging the Magistrate Judge's R&R, he acknowledges that prisoners had weekly access to the prison law library during the time period in question. Consequently, Jarrett has not met his heavy burden of demonstrating the existence of extraordinary circumstances as would justify relief under Rule 60(b)(6).

### III.   CONCLUSION

Based upon the foregoing reasons, Jarrett's motion for reconsideration, ECF No. [30] will be denied.  An appropriate Order follows.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cm:   Gerod Maurice Jarrett
LQ8582
SCI Greene
169 Progress Dr
Waynesburg, PA 15370
(via U.S. Mail)

Counsel of record
(via CM/ECF)